U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

PETER ALFRED, JR.                   CIVIL ACTION NO. 08-0532
    LA. DOC. #315023
VS.                                         SECTION P
                                               JUDGE DRELL
WARDEN TIM WILKINSON, ET AL.        MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se plaintiff, Peter Alfred, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 11, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana. He complains that he was wrongfully deprived of a pair of high-top sneakers and that subsequently, WCC violated its own posted-policy by allowing members of the WCC basketball team to wear high-top sneakers. He prays for compensatory damages of $20,000, and unspecified amount of punitive damages, an injunction directing WCC to enforce their own policy regarding high-top sneakers, an investigation, and an order prohibiting the defendants from retaliating against plaintiff or his companion, Derrick Allen. He sues Warden Tim Wilkinson, Assistant Wardens Tim Morgan and Angie Martin, Officer Tiffany Womack, Officer Brinson, Security Chief Virgil Lucas, Chief Tommy Glover, Program Manager Nicole Scott Walker, the WCC and, the Corrections Corporation of America.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

On July 16, 2007 plaintiff was transferred from the Forcht-Wade Corrections Center to WCC. Upon his arrival his property was inspected and while he was permitted to keep a pair of high-top florescent green and black Nike® sneakers, WCC authorities advised him that he could not keep his collection of 21 compact discs and his brand new high-top black and red Nike Air Jordan® sneakers. These items were taken and plaintiff was advised that the property would be mailed to plaintiff's home address.

On November 5, 2007 plaintiff was advised by Ms. Brinson that his sneakers did not get mailed home because plaintiff's prison account contained insufficient funds to defray the postage. According to plaintiff, the sneakers, valued at $150.00, were discarded.

In January 2008, Louisiana State University donated a "truck load" of high-top purple and white sneakers to the WCC basketball team. According to plaintiff the defendants permitted the WCC basketball team to wear their high-top in violation of the institution's posted policy prohibiting high-top sneakers.

Plaintiff claims that he has been discriminated against and that he is entitled to damages for emotional pain and mental pain (past, present, and future) and compensation for the loss of $150 worth of personal property. He also faults the defendants alleging that the incidents resulted from their negligence and "strict liability."

On May 22, 2008 plaintiff filed an amended complaint with exhibits. [rec. doc. 4] Therein he alleged that the defendants "contradicted their own postal [sic] policy by saying they only allow low cut tennis on the prison compound and let the whole prison wear hightop tennis..." He complained that the defendants destroyed his brand new sneakers because plaintiff could not afford the postage to mail them to his home address, however, they do permit indigents to post legal mail.

### Law and Analysis

#### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not

free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

### 2. *Parratt/Hudson Doctrine*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that

5

his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.

In Parratt v. Taylor, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. Id., 451 U.S. at 536-37, 101 S.Ct. at 1913. In arriving at their decision, the Court noted that the Due Process Clause does not embrace tort law concepts. Id.

In other words, although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment simply does not afford the prisoner such a remedy. Daniels v. Williams, 474 U.S. 327, 335-36, 106 S.Ct. 662, 667, 88 L.Ed.2d 662. Even in instances where intentional deprivation

6

occurs, as is the case herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994). This principle (known as the Parratt/Hudson doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. Davis, 70 F.3d at 375, citing, Zinermon v. Burch, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional, random, and allegedly unauthorized deprivation occurred when plaintiff's high-top sneakers were seized and then discarded. If Louisiana law provides a remedy to plaintiff, no further due process is required under the United States Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or for the intentional torts committed by employees of the prison facility. See, La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code,

provides all the process that is required by the Due Process Clause of the Constitution, and thus, the Fourteenth Amendment is not implicated. Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the Parratt/Hudson doctrine.

Unless plaintiff can show that the defendants violated his Constitutional rights, plaintiff's claim is not under §1983. Therefore, the court concludes that plaintiff's loss of property claim is frivolous. See 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### 3. *Violation of Policy*

Plaintiff is also offended by the defendants' violation of WCC's posted-policy. As previously noted, "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Since even violations of state statutory law do not state a constitutional claim under 42 U.S.C. § 1983 [see

Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir.1995)] violations by the prison of its own posted-policy likewise do not serve to state a claim. Plaintiff's claim to the contrary is clearly frivolous.

### 4. 42 U.S.C. §1997e

Plaintiff seeks thousands of dollars in compensatory damages for mental anguish. Under the provisions of 42 U.S.C. § 1997e prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997). Plaintiff has not alleged, and the undersigned cannot conceive of, any physical injury which could have resulted from the complained of conduct. Thus, plaintiff's claims for compensatory damages for mental anguish, etc. are frivolous.

### 5. Conclusion and Recommendation

IT IS RECOMMENDED that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten

(10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana June 9, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE